UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DIEGO A. VIDALES,

    Plaintiff,

v.

STONCOR GROUP, INC.,

    Defendant.
_____/

**NOTICE OF REMOVAL**

Defendant, StonCor Group, Inc. ("StonCor Group" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, on the grounds of diversity jurisdiction. In support of this removal, Defendant states as follows:

**I.     INTRODUCTION**

1. On or about September 20, 2023, Plaintiff, Diego A. Vidales ("Plaintiff"), filed a civil action against StonCor Group in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Diego A. Vidales v. StonCor Group, Inc.,* Case No. 2023-023264-CA-01 (hereinafter referred to as the "State Court Action").

2. Plaintiff's Complaint asserts the following causes of action: (1) breach of contract (Count I); (2) breach of the implied covenant of good faith and fair dealing (Count II); (3) civil

theft in violation of Fla. Stat. § 772.11 (Count III); (4) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count V[1]); (5) unjust enrichment (Count VI).

3. A true and correct copy of all pleadings and other papers or exhibits of every kind currently on file in the State Court Action is appended hereto as Composite **Exhibit A**, as required by 28 U.S.C. § 1446(a).

4. As set forth more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. §§ 1441 and 1446. More specifically, this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. A copy of the Complaint and Summons in the State Court Action was served upon Defendant's registered agent on September 22, 2023. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within 30 from the date on which Defendant received notice of the State Court Action.

6. The District and Division embracing the place where such action is pending is the United States District Court for the Southern District of Florida, Miami Division. *See* 28 U.S.C. § 1441(a). The Southern District of Florida, Miami Division is the appropriate venue because Plaintiff alleges that the actions at issue took place in Miami-Dade County, Florida. *See* Pl.'s Compl. ¶ 4.

7. Pursuant to 28 U.S.C. § 1446(d), StonCor Group will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for

---

[1] Plaintiff appears to have inadvertently mislabeled all counts in the Complaint after Count III. Had the Complaint contained proper labels for each count, Plaintiff's FDUPTA claim would be Count IV and his unjust enrichment claim would be Count V.

Miami-Dade County, Florida, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## II.     DIVERSITY OF CITIZENSHIP EXISTS

8. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. *Mulkey v. Land America Title Ass'n*, 345 F. App'x 525, 526 (11th Cir. 2009) ("Diversity must be complete: no plaintiff can be a citizen of the same state as any defendant").

9. Plaintiff resides in Florida. *See* Pl.'s Compl. ¶ 1 ("Mr. Vidales is a Florida resident who resides in Miami-Date County…."). An individual is a citizen of the state in which he or she is domiciled. *Casey v. Fla. Coastal Sch. of Law, Inc.*, Case No. 12-20785-CIV-COOKE/TORRES, 2014 WL 11798521, *3 (S.D. Fla. Sept. 30, 2014) (holding that defendant met its burden of establishing domicile by considering plaintiff's residence and place of employment). Therefore, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

10. StonCor Group is not incorporated in Florida and does not maintain its principal place of business in Florida. *See* Pl.'s Compl. ¶ 2 ("…[Defendant] is a Florida-registered foreign-profit corporation with its principal place of business at 1000 East Park Ave., Maple Shade, NJ…").[2] Thus, StonCor Group is not a citizen of Florida. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2020) (considering a corporation's principal place to establish citizenship under a diversity analysis).

11. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant for the purposes of 28 U.S.C. § 1332(a)(1).

---

[2] StonCor Group is incorporated in the State of Delaware. StonCor Group will provide this information in its Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1.

### III. THE AMOUNT-IN-CONTROVERSY EXCEEDS THE STATUTORY THRESHOLD

12. Diversity jurisdiction also requires that the amount in controversy "exceed the sum or value of $75,000.00." 28 U.S.C. § 1332(a)(1).

13. Plaintiff's Complaint generally alleges "[t]his is an action in excess of FIFTY THOUSAND DOLLARS ($50,000), exclusive of costs and interest….," but the exhibits to his pleading demonstrate that the exact amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Pl.'s Compl. ¶ 3. Plaintiff's pre-suit letter to StonCor Group dated March 25, 2023, which is appended as an exhibit to the Complaint and is incorporated into the Complaint, states that Defendant "owes [Plaintiff] ***$32,006.29*** of unpaid commissions plus unpaid bonuses ***for each year of his employment (2019, 2020, 2021, and half of 2022)***" (emphasis supplied). *See* Pl.'s Compl. ¶ 70; Ex. F to Pl.'s Compl. It further states that Defendant's purported violation of Florida's civil theft statute, which provides for treble damages, "bring[s] the value of [Plaintiff's] total damages to $184,292.37…."; Ex. F to Pl.'s Compl.; Fla. Stat. § 772.11; *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755-56, 768 (11th Cir. 2010) (a defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirement of removal," including exhibits to the complaint); *E.S.Y., Inc., v. Scottsdale Insurance Co.*, 217 F. Supp. 3d 1356, 1361 (S.D. Fla. 2015) (exhibit to complaint properly considered in support of defendant's position the amount in controversy is satisfied).

14. Accordingly, the amount-in-controversy requirement has been met. *See* 28 U.S.C. § 1332(a)(1).

WHEREFORE, Defendant, STONCOR GROUP, INC., hereby removes this action, now pending in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, to the United States District Court for the Southern District of Florida, Miami Division, and respectfully requests

that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

DATED this 20th day of October 2023.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

By: */s/ D. Porpoise Evans*
D. Porpoise Evans, Esq.
Florida Bar No. 576883
E-mail: dpevans@littler.com
Emily Selig, Esq.
Florida Bar No. 1030983
E-mail: eselig@littler.com

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of October 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of filing via electronic mail to all counsel of record.

Andres F. Vidales, Esq.
Florida Bar No.: 1041185
Andres Vidales Attorney at Law, PLLC.
8333 N.W. 53 Street, Suite 450
Doral, Florida 33166
Tel: (305) 537-6582
Fax: (786) 551-4166
afv@andresvidales.com
casefilings@andresvidales.com

*/s/ D. Porpoise Evans*
D. Porpoise Evans

5