UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24011-RAR

**DIEGO VIDALES**,

    Plaintiff,

v.

**STONCOR GROUP, INC.**,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Notice of Removal—State Court Complaint ("Motion"), [ECF No. 8], filed on November 10, 2023.[1] The Court has reviewed the Motion; Plaintiff's Complaint, [ECF No. 1-2] at 7–46; Plaintiff's Response in Opposition, [ECF No. 13]; Defendant's Reply, [ECF No. 14]; and heard oral argument on the Motion on January 12, 2024 ("Hearing"), [ECF No. 24]. For the reasons stated on the record during the Hearing, and the Court being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 8], is **GRANTED IN PART AND DENIED IN PART** as follows.

**ANALYSIS**

    I.   *Count I – Breach of Contract*

The Motion is **GRANTED** as to Count I, which is **DISMISSED** *with leave to amend*. To state a claim for breach of contract under Florida law, the Plaintiff must allege: (1) a valid contract; (2) Plaintiff's performance of his or her obligations under the contract or a legal excuse for its

---

[1] On September 20, 2023, Plaintiff Diego A. Vidales filed a civil action against Defendant StonCor Group in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled Diego A. Vidales v. StonCor Group, Inc., Case No. 2023- 023264-CA-01 ("State Court Action"). The case was subsequently removed to federal court on October 20, 2023, [ECF No. 1], pursuant to the Court's diversity jurisdiction, *see* [ECF No. 7].

nonperformance; (3) a material breach; and (4) damages. *Stepakoff v. IberiaBank Corp.*, 637 F. Supp. 3d 1309, 1313 (S.D. Fla. 2022) (quoting *Pierce v. State Farm. Mut. Auto. Ins. Co.*, No. 14-22691, 2014 WL 7671718, at *4 (S.D. Fla. 2014)). "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege *which* provision of the contract has been breached." *Pierce*, 2014 WL 7671718, at *4 (emphasis added).

While Defendant is incorrect that the Amended Complaint constitutes an impermissible shotgun pleading under the standard articulated by the Eleventh Circuit in *Weiland v. Palm Beach Cnty. Sherriff's Off.,* 792 F.3d 1313, 1321–23 (11th Cir. 2015), as explained at the Hearing, the Complaint as currently drafted does not clearly identify the specific documents comprising the alleged agreement Plaintiff claims was breached. Moreover, Count I also does not sufficiently connect its allegations to the specific terms of any alleged agreement, and thus the Court is unable to determine whether a breach of contract has been adequately alleged. *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1327 (11th Cir. 2005) (concluding that breach of contract claim failed because plaintiffs could not identify any contractual provision breached by defendant); *London v. Fieldale Farms Corp.*, 410 F.3d 1295, 1305–06 (11th Cir. 2005) (concluding that defendant was entitled to judgment as a matter of law on breach of contract claim where "[plaintiffs] did not support their claim with any reference to a specific contract provision that they allege [defendants] breached"); *Branch Banking & Tr. Co. v. Appraisalfirst, Inc.*, No. 10-21141, 2010 WL 11596299, at *5 (S.D. Fla. July 7, 2010) (finding that "[w]hile Plaintiff has arguably alleged facts supporting the first and third elements, it is clear that Plaintiff has not sufficiently pled a material breach, as it failed to identify a contractual provision that Defendant purportedly violated."). Finally, the Complaint does not adequately allege that Plaintiff's own performance of the alleged contract was satisfied. *Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. 23-60460, 2023 WL 2987666, at *2

(S.D. Fla. Apr. 18, 2023) (dismissing breach of contract claim because, *inter alia*, plaintiff failed to allege compliance with agreement).

Accordingly, as agreed by the parties at the Hearing, Plaintiff shall amend the Complaint to clearly identify the specific components of the agreement claimed to constitute a binding contract; specify how Plaintiff's own performance was satisfied under that alleged contract; and connect Plaintiff's allegations of breach to specific terms in that alleged contract.

### II. Count II – Implied Covenant of Good Faith and Fair Dealing

The Motion is **GRANTED** as to Count II, which is **DISMISSED** *with leave to amend*. Florida law recognizes an implied covenant of good faith and fair dealing in every contract. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999); *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1437–38 (S.D. Fla. 1996); *County of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1050 (Fla. 1997); *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1234–35 (Fla. 4th DCA 2001).  This covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." *Barnes*, 932 F. Supp. at 1438. However, there are two limitations on such claims: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement. *Ins. Concepts*, 785 So. 2d at 1234–35.

A duty of good faith must "relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." *Id.* at 1235. (quoting *Hosp. Corp. of Am. v. Fla. Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998)). Further, this claim "cannot be advanced when the allegations underlying that claim are duplicative of the allegations supporting the breach of contract claim." *Saxon Fin. Grp., Inc. v. Rath*, No. 11-80646, 2012 WL 3278662, at *7 (S.D. Fla. Aug. 9, 2012).

"Despite broad characterizations of the implied covenant of good faith, Florida courts have recognized that it 'is a gap-filling default rule,' which comes into play 'when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards.'" *Speedway SuperAmerica, LLC v. Tropic Enterprises, Inc.*, 966 So. 2d 1, 3 (Fla. 2d DCA 2007) (quoting *Publix Super Markets, Inc. v. Wilder Corp. of Del.*, 876 So. 2d 652, 654 (Fla. 2d DCA 2004)). "[T]he implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations." *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999). "[W]here the terms of the contract afford a party substantial discretion to promote that party's self-interest, the duty to act in good faith nevertheless limits that party's ability to act capriciously to contravene the reasonable contractual expectations of the other party." *Id.* at 1097–98.

As agreed by the parties at the Hearing, the Complaint fails to identify the specific contractual provisions that Defendant was obligated to perform with respect to which the covenant was violated. *See Ins. Concepts*, 785 So. 2d at 1234–35 ("The duty of good faith does not attach until the Plaintiff can establish a term of the contract that [defendant] was obligated to perform."); *Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1314 (11th Cir. 1998) ("The good faith requirement does not exist 'in the air'. Rather, it attaches only to the performance of a specific contractual obligation."). Further, Plaintiff also fails to point the Court to those provisions of the alleged contract that created a situation where "one party has the power to make a discretionary decision without defined standards," such that a covenant of good faith should be "implied to protect the contracting parties' reasonable commercial expectations." C*ox*, 732 So. 2d at 1097. Nor does Plaintiff allege how Defendant abused such discretion as required to ground the inference that there has been a breach of the implied covenant of good faith and fair dealing. *See*

*Speedway SuperAmerica, LLC*, 966 So. 2d at 3. Accordingly, as agreed at the Hearing, Plaintiff shall amend the Complaint to remedy these defects.

### III.  Count III – Civil Theft

The Motion is **GRANTED** as to Count III, which is **DISMISSED** *with leave to amend*. To maintain a cause of action under Florida's civil theft statute, a plaintiff must show by "clear and convincing evidence" an injury caused by the defendant's violation of one or more of the provisions of the criminal theft laws found under Fla. Stat. §§ 812.012–037. *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1326–27 (11th Cir. 2006) (explaining "a cause of action for civil theft 'derives from two statutory sources: the criminal section setting forth the elements of theft, and the civil section granting private parties a cause of action for a violation of the criminal section'" (citing *Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289, 1303 (S.D. Fla. 2000))).

Further, "a simple monetary debt generally cannot form the basis of a claim for conversion or civil theft." *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d DCA 2011); *see also Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) ("It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft."). Nonetheless, "the general rule does not foreclose a claim for civil theft or conversion under certain limited circumstances." *Walker*, 59 So. 3d at 190. "This is not to say that there can never be a claim for civil theft or conversion if there is a contractual relationship between the parties, but rather that the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of a contract." *Cabana on Collins, LLC v. Regions Bank*, No. 11-21204, 2011 WL 13223712, at *2 (S.D. Fla. June 7, 2011).

In general, Florida courts have found claims for civil theft or conversion constitute "more than mere breach of contract" in two situations. *Id.* at *3. The first arises where defendants or their

employees have stolen or embezzled funds, which were entrusted to them by the plaintiffs, for their own benefit. *Id.* (citing *Szterensus v. Bank of Am., N.A.*, No. 08-22669, 2010 WL 427509, at *1 (S.D. Fla. Feb. 1, 2010)). The second situation involves funds that are owned by the plaintiff and given to defendant to temporarily hold in a segregated and identifiable account, which the defendant then refuses to return. *Id.* In this second line of cases, the defendants are entrusted with funds which belong to plaintiffs, and plaintiffs' right to those funds does not arise out of contract. *Id.*

The Complaint as currently drafted does not adequately demonstrate that Plaintiff's civil theft claim goes beyond and is independent of the alleged breach of contract. *Id.* at *2. Specifically, Plaintiff has not demonstrated either that 1) Defendant or its employees have stolen or embezzled funds, which were entrusted to them by Plaintiff for their own benefit; or 2) that Defendant has refused to return funds that were owned by Plaintiff and given to Defendant to temporarily hold in a segregated and identifiable account. *See id.* at *3. Accordingly, as agreed at the Hearing, if Plaintiff wishes to renew his civil theft claim in the forthcoming Amended Complaint, Plaintiff shall sufficiently plead that Defendant violated one or more provisions of Florida's criminal theft statute, Fla. Stat. §§ 812.012–037. Plaintiff shall also adequately allege that Plaintiff's civil theft claim "goes beyond and is independent of" the alleged breach of contract. *Id.* at *2.

### IV.  Count V – FDUTPA[2]

The Motion is **GRANTED** as to Count V, which is **DISMISSED** *with prejudice*. To state a claim under FDUTPA, a plaintiff must allege: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *See City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla.

---

[2] Plaintiff appears to have inadvertently mislabeled all counts in the Complaint after Count III, skipping from Count III to Count V. Had the Complaint contained proper labels for each count, Plaintiff's FDUTPA claim would be Count IV, and his unjust enrichment claim would be Count V. Plaintiff shall remedy this error upon filing an Amended Complaint.

4th DCA 2008) (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)). The Florida Supreme Court has defined an "unfair practice" as "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to *consumers*." *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015) (citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So. 2d 773, 777 (Fla. 2003)) (cleaned up). Additionally, it has defined "deception" as "a representation, omission, or practice that is likely to mislead the *consumer* acting reasonably in the circumstances, to the *consumer's detriment.*" *Id.* (emphasis added) (cleaned up). The "standard requires a showing of 'probable, not possible, deception that is likely to cause injury to a reasonable relying consumer.'" *Casey v. Fla. Coastal Sch. of L., Inc.*, No. 14-CV-1229, 2015 WL 10096084, at *6 (M.D. Fla. Aug. 11, 2015) (quoting *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007)). Though a claimant does not necessarily have to be a consumer in order to have standing to bring a FDUTPA claim, the claimant does have to prove that *there was an injury or detriment to consumers* in order to satisfy all of the elements of a FDUTPA claim. *Caribbean Cruise Line, Inc.*, 169 So. 3d at 169 (emphasis in original).

Courts have found that the violation of a contractual provision does not rise to the level of conduct necessary to constitute a deceptive and unfair trade practice. *Twin Rivers Eng'g Corp. v. Fieldpiece Instruments, Inc.*, No. 612–cv–1794–Orl–40TBS, 2014 WL 3908189, at *16 (M.D. Fla. Aug. 11, 2014) (holding that defendant's violation of exclusivity provision in licensing agreement did not violate FDUTPA). "To hold otherwise would transform all breach of contract claims into unfair and deceptive trade practice claims, and … the legislature did not intend to cast the net that widely in drafting FDUTPA." *Id.*

At the Hearing, Plaintiff's counsel conceded that Plaintiff can plead no set of facts indicating that there was an injury or detriment to consumers, which is a fundamental requirement

to satisfy the elements of a FDUTPA claim. *Caribbean Cruise Line, Inc.*, 169 So. 3d at 169; *see also PNR, Inc.*, 842 So. 2d at 777. Accordingly, Plaintiff's FDUTPA claim warrants dismissal.

### V. Count VI – Unjust Enrichment

The Motion is **DENIED** as to Count VI. The elements of an unjust enrichment claim are: "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *American Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019) (quoting *Hercules, Inc. v. Pages*, 814 F. Supp. 79, 80 (M.D. Fla. 1993)). "[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Id.* (quoting *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994)); *see also Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000).

A party may only recover under an unjust enrichment theory when there is no valid express or implied-in-fact contract. *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) (citing *Zarrella v. Pac. Life Ins. Co.,* 755 F. Supp. 2d 1218, 1226–27 (S.D. Fla. 2010)). However, a party may plead in the alternative for relief under an express contract and for unjust enrichment. *Cabana on Collins,* 2011 WL 13223712, at *4 (citing *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997). But unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid. *See Zarrella*, 755 F. Supp. 2d at 1227–28 (citing *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337–38 (S.D. Fla. 2002)); *Aerospace Precision, Inc. v. NexGen Aero, LLC*, No. 17-61106, 2017 WL 10186583, at *6 (S.D. Fla. Sept. 27, 2017) ("It is only upon a showing that an express contract exists that the unjust

enrichment ... count fails. Until an express contract is proven, a motion to dismiss a claim for ... unjust enrichment [based upon the existence of an adequate legal remedy] is premature." (quoting *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998))).

As recognized by all parties at the Hearing, Defendant intends to contest the existence of a valid contract. Accordingly, Plaintiff's unjust enrichment claim survives as properly pleaded in the alternative.

## CONCLUSION

Based upon the foregoing, Plaintiff shall file an Amended Complaint in compliance with this Order on or before **January 30, 2024**. Failure to timely file an Amended Complaint shall result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Miami, Florida this 16th day of January, 2024.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE